*E-FILED 3/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT KELLY WALTERS, | ) | No. C 04-817 RMW (PR) |
| Petitioner, | ) ) | ORDER RE-OPENING CASE; ORDER GRANTING PETITIONER'S RENEWED MOTION TO AMEND; DENYING MOTION FOR DISCOVERY WITHOUT PREJUDICE; DENYING MOTION TO EXPEDITE AS MOOT; FURTHER SCHEDULING ORDER; INSTRUCTIONS TO CLERK |
| v. | ) ) ) ) ) ) | |
| JOE MCGRATH, Warden, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 23, 24, 25) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his prison disciplinary hearing at Pelican Bay State Prison. The court ordered respondent to show cause why the instant petition should not be granted. Respondent filed an answer addressing the merits of the petition and petitioner has filed a traverse. Thereafter, petitioner filed a motion to stay the petition while he exhausted an additional claim in state court. Petitioner also filed a motion to amend the petition to include this claim. On March 30, 2007, the court denied petitioner's motion for sanctions, denied petitioner's motion to amend without prejudice, and granted petitioner's motion to stay the

Order Re-opening Case; Order Granting Petitioner's Renewed Motion to Amend; Denying Motion for Discovery Without Prejudice; Denying Motion to Expedite as Moot; Further Scheduling Order; Instructions to Clerk
P:\pro-se\sj.rmw\hc.04\Walters817 reopensched   1

1  instant petition. The court administratively closed the instant habeas action while petitioner
2  exhausted his claim in the state supreme court.
3      Petitioner has filed a renewed motion to amend, a motion for discovery and a motion for
4  an expedited hearing and ruling in his case. Respondent has not filed any opposition to
5  petitioner's motions. The court will administratively RE-OPEN the instant habeas action. The
6  court GRANTS petitioner's renewed motion to amend the petition to include his additional
7  exhausted claim, DENIES petitioner's motion for discovery without prejudice, and DENIES
8  petitioner's motion for an expedited hearing and ruling as moot. The court issues a further
9  scheduling order on the amended petition as set forth below.

## DISCUSSION

A.    <u>Renewed Motion to Amend Petition</u>

    Petitioner has filed a renewed motion to amend the instant petition. In his motion, petitioner states that the California Supreme Court denied his additional claim on August 30, 2006. Petitioner included a copy of the state supreme court's summary denial of his state habeas petition. <u>See</u> Pet.'s Mot., Exhibit A. Petitioner previously filed an amended petition on September 15, 2006 including all of his claims. As petitioner has now exhausted all of the claims set forth in the amended petition, the renewed motion to amend the petition (docket no. 23) is GRANTED. The clerk shall send a copy of the amended petition, filed on September 15, 2006, to respondent. The court issues a further scheduling order on the supplemental claim in the amended petition as set forth below.

B.    <u>Motion for Discovery</u>

    Petitioner moves the court to conduct discovery in the instant habeas action. Petitioner has included copies of his proposed discovery requests. Petitioner contends that this discovery will allow him to develop facts necessary to support his claims. <u>See</u> Pet.'s Mot. at 3-4. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. <u>See</u> <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of

1  Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good
2  cause shown grants leave to do so, but not otherwise." Before deciding whether a petitioner is
3  entitled to discovery under Rule 6(a) the court must first identify the essential elements of the
4  underlying claim. See Bracy, 520 U.S. at 904 (difficulties of proof aside, petitioner's allegation
5  of judicial bias, if proved, would violate due process clause). The court must then determine
6  whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. See
7  id.

8  Good cause for discovery under Rule 6(a) is shown "'where specific allegations before
9  the court show reason to believe that the petitioner may, if the facts are fully developed, be able
10 to demonstrate that he is . . . entitled to relief . . .'" Id. at 908-09 (quoting Harris v. Nelson, 394
11 U.S. 286, 299 (1969)); Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).

12 Here, the court notes that supplemental briefing on the additional claim set forth in
13 amended petition has not been completed. The court concludes that the issues presently before
14 the court remain relatively straightforward, and no evidentiary hearing appears necessary. In its
15 Order to Show Cause, the court ordered respondent to lodge with the court a copy of all portions
16 of the underlying record that have been transcribed previously, and all other pertinent exhibits,
17 which are relevant to a determination of the issues presented in the petition. Upon review of the
18 supplemental briefing and the merits of the amended petition, if the court determines that further
19 discovery is necessary, the court will notify the parties. Accordingly, petitioner's motion for
20 discovery (docket no. 24) is DENIED without prejudice.

21 C.   Motion for an Expedited Hearing and Ruling

22 Petitioner has filed a motion for an expedited hearing and ruling on his renewed motion
23 to amend. Based upon the court's granting the motion to amend and issuing a further scheduling
24 order below, petitioner's motion (docket no. 25) is DENIED as moot.

## CONCLUSION

26 1.   The clerk shall administratively RE-OPEN the instant habeas action. The
27 clerk shall send a copy of the amended petition, filed on September 15, 2006, to respondent.
28 2.   Petitioner's renewed motion to amend the petition (docket no. 23)

is GRANTED.

3. Petitioner's motion for discovery (docket no. 24) is DENIED without prejudice.

4. Petitioner's motion for an expedited hearing and ruling on his renewed motion to amend (docket no. 25) is DENIED as moot.

The court issues the following scheduling order on the supplemental claim in the amended petition:

5. Respondent shall file with the court and serve on petitioner, within **sixty days** of its receipt of the amended petition, a supplemental answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why the additional claim in the amended petition should not be granted. Respondent shall file with the supplemental answer and serve on petitioner a copy of all portions of the underlying disciplinary hearing record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

6. If petitioner wishes to respond to the supplemental answer, he shall do so by filing a supplemental traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

7. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/19/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Re-opening Case; Order Granting Petitioner's Renewed Motion to Amend; Denying Motion for Discovery Without Prejudice; Denying Motion to Expedite as Moot; Further Scheduling Order; Instructions to Clerk
P:\pro-se\sj.rmw\hc.04\Walters817 reopensched      4